IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02622-BNB

CLIFFORD N. WOODS,

   Plaintiff,

v.

EL PASO COUNTY DISTRICT COURT,
JUDGE DAVID S. PRINCE,
JUDGE ROBERT L. LOWREY,
HEIDI BAUER, District Attorney,
VELLAR, District Attorney,
GALERA, Attorney,

   Defendants.

```
       F I L E D
UNITED STATES DISTRICT COURT
    DENVER, COLORADO

    JAN 0 7 2010

  GREGORY C. LANGHAM
         CLERK
```

## ORDER OF DISMISSAL

Plaintiff Clifford N. Woods is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Four Mile Correctional Center in Cañon City, Colorado. Mr. Woods, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe the Complaint liberally because Mr. Woods is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Woods has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires the Court to *sua sponte* dismiss an action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

Mr. Woods sets forth three claims. In Claim One, he asserts a violation of his speedy trial rights and other due process rights in his state criminal proceeding. In Claim Two, Mr. Woods asserts a lack of jurisdiction by the trial court in his criminal proceeding, and in Claim Three, he asserts an inordinate and inexcusable delay in the direct appeal in his state criminal proceeding. Mr. Woods seeks money damages.

Defendants Judge David S. Prince and Judge Robert L. Lowrey are absolutely immune from liability in civil rights suits when they are acting in their judicial capacity, unless they act in the clear absence of all jurisdiction. **See Mireles v. Waco**, 502 U.S. 9, 11-12 (1991); **Stump v. Sparkman**, 435 U.S. 349, 356-57 (1978); **Hunt v. Bennett**, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Judges' involvement in the conviction and sentencing of Mr. Woods are actions taken in their judicial capacity, and they were not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judge Prince and Judge Lowrey are barred by absolute judicial immunity.

Defendants Heidi Bauer and Vellar are district attorneys. With respect to the prosecutorial activities in which Defendants Bauer and Vellar were involved in Plaintiff's state criminal case, they enjoy immunity from suit under 42 U.S.C. § 1983. **See Imbler v. Pachtman**, 424 U.S. 409, 420-24 (1976). Mr. Woods' allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." **Snell v. Tunnell**, 920 F.2d 673, 686 (10th Cir. 1990)

2

(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), **cert. denied sub nom.** *Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendants Bauer and Vellar are inappropriate parties to this action based on absolute immunity.

As for Defendant Galera, whether he is a private attorney or a public defender who represented Mr. Wood, he is not a state actor under § 1983 and is not a proper party to this action. *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).

Furthermore, the El Paso County District Court is protected by Eleventh Amendment immunity and, therefore, also is immune from suits for money damages and declaratory relief. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).

Even if Plaintiff's claims regarding the validity of his conviction and sentence were found to have merit, he may not challenge the validity of his conviction in this action for money damages pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that, if a judgment for damages favorable to a prisoner in a § 1983 action would necessarily imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id.* at 486-87.

The Court also notes that Mr. Woods filed a previous prisoner complaint in this Court in which he raised the same issues as he has raised in this action against several of the same defendants. *See Woods v. El Paso County District Court*, No. 08-cv-

02429-ZLW (D. Colo. Dec. 18, 2008). In Case No. 08-cv-02429-ZLW, Mr. Woods was instructed that the named defendants were improper parties to the action and that his claims for damages were barred by **Heck**. This Complaint, therefore, also is subject to dismissal as being frivolous because litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See* **Bailey v. Johnson**, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); **Van Meter v. Morgan**, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Mr. Woods' "Motion for Injunction Relief" (doc. No. 9) is DENIED as moot.

DATED at Denver, Colorado, this 6th day of January, 2010.

BY THE COURT:

_____
PHILIP A. BRIMMER
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02622-BNB

Clifford N. Woods
Prisoner No. 81438
CMC-FMCC
P.O. Box 300 - Unit 4C
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  1/7/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk